**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL PAPPAS,

        Plaintiff,          Case Number: 08-14459

v.          GEORGE CARAM STEEH
        UNITED STATES DISTRICT COURT

OAKLAND COUNTY, a municipal entity,
OAKLAND COUNTY SHERIFF          VIRGINIA M. MORGAN
DEPARTMENT, a municipal entity, DEPUTY          UNITED STATES MAGISTRATE JUDGE
M. DAVIS, DEPUTY (FNU) TUCKER,
SERGEANT SEAN JENNINGS, SERGEANT
LARRY CLARK, DEPUTY ERIC
HOISINGTON, NURSE MICHELLE
GULLET, NURSE (FNU) TOM, JOHN DOE I,
JOHN DOE II, JOHN DOE III, JOHN DOE IV,
AND JANE DOE I, in their individual
capacities, jointly and severally, HENRY FORD
HOSPITAL, a Michigan Corporation, MARY
CONCORD, JANE DOE II, in their individual
capacities,

        Defendants.

_____ /

**REPORT AND RECOMMENDATION**

      Before the court is Defendants Oakland County, Oakland County Sheriff's Department, and the Oakland County individual defendants' Motion for Summary Judgment, filed July 17, 1009, (Doc. No. 24), and Defendants Henry Ford Wyandotte Hospital and Henry Ford Hospital employees' Motion for Summary Judgment, filed July 20, 2009, (Doc. No. 25). Plaintiff Michael Pappas has responded to both motions. (Doc. Nos. 30, 31). On July 23, 2009, the Honorable George Caram Steeh referred this case to the court for all pretrial matters, including a Report and

1

Recommendation. (Doc. No. 27). The court held oral arguments on Defendants' motions for summary judgment on September 16, 2009. For the reasons stated below, the court recommends that Oakland County's and Henry Ford Hospital's motions for summary judgment be **GRANTED**, and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**

## I. Background

On August 30, 2006, Plaintiff was convicted of operating a motor vehicle while intoxicated, Mich. Comp. Laws § 257.625, and sentenced to 93 days in jail. (Oakland Co. Mot. Ex. A, Judgment of Sentence). The judgment of sentence specifies that Plaintiff "*may* have work release if [he] pays court fine/cost/fees in full ($1175.00)." (*Id.*)(emphasis added). Plaintiff entered the work release program on September 9, 2006. (Oakland Co. Mot. Ex. B., Davis Aff. ¶ 7).

On October 18, 2006, Plaintiff left the work release facility to go to his job at Ford Motor Company. (Davis Aff. ¶ 10). That afternoon, Plaintiff's supervisor called the work release facility and informed Oakland County Sheriff's Deputy Mark Davis that Plaintiff had been suspended from work, pending an investigation into allegations that Plaintiff threatened a member of management. (Davis Aff. ¶¶ 11, 14). According to Plaintiff's supervisor, Don Larkin, Plaintiff became very agitated when Larkin reprimanded him for violations of the company's attendance policy. (Henry Ford Mot. Ex. B, Larkin Aff. ¶¶ 7-8). Larkin stated that Plaintiff threatened him, yelling that he was going to "break it off in my ass." (Larkin Aff. ¶ 8). Plaintiff similarly threatened another supervisor, Dan McCall. (Larkin Aff. ¶ 8).

Plaintiff denies threatening anyone, and testified that at the meeting with his supervisor, co-worker and union representative he told his supervisor "Here's a dollar. Call someone who really cares." (Henry Ford Mot. Ex. A, Pl.'s Dep. 47). Plaintiff admitted that McCall asked Plaintiff if he

was threatening him and Plaintiff responded, "Not at all." (Pl.'s Dep. 52-53).

Shortly after Plaintiff's supervisor called Deputy Davis, Plaintiff called the work release facility and spoke to Deputy Davis. (Davis Aff. ¶ 15). Plaintiff told Deputy Davis that he was having chest pains and had checked himself into Henry Ford Wyandotte Hospital. (Davis Aff. ¶ 16). Deputy Davis instructed Plaintiff to call the work release facility every two hours to update the staff on his status. (Davis Aff. ¶ 17).

When Plaintiff failed to call the work release facility, Deputy Davis called the hospital and spoke to a nurse, Mary Concord. (Davis Aff. ¶ 19-21). Nurse Concord told Deputy Davis that Plaintiff had been admitted to the psychiatric ward, and Plaintiff had made statements that he felt like shooting himself or someone else. (Davis Aff. ¶ 22). Nurse Concord advised Deputy Davis that Plaintiff would stay in the hospital until he was released by a doctor. (Davis Aff. ¶ 23).

Plaintiff was released from the hospital on October 20, 2006. (Davis Aff. ¶ 26). Plaintiff voluntarily returned to the work release facility that day, and was then transferred to the Oakland County Jail. (Davis Aff. ¶¶ 26-27; Pl.'s Dep. 154-55). Plaintiff was placed in the "K-Pod unit," which is a special unit within the jail for "at risk" inmates, i.e. inmates who are suicidal, mentally ill or have a substance abuse problem. (Davis Aff. ¶ 27; Henry Ford Mot. Ex. E, Snarey Aff. ¶ 5).

On November 2, 2006, Plaintiff complained of chest pains, and was transported from the K-Pod unit to North Oakland Medical Center. (Oakland Mot. 3). Plaintiff returned to the K-Pod unit the next day, where he remained until November 8, when he was transferred to the jail's general population. (Oakland Mot. 3). Plaintiff was released from jail on November 13, 2006. (Oakland Mot. 3).

On October 20, 2008, Plaintiff filed the instant complaint, in *pro per*, in this court[1]. In his complaint, Plaintiff alleges the following causes of action:

Count I: 42 U.S.C. § 1983, Substantive Due Process – 14th Amendment and Cruel and Unusual Punishment – 8th Amendment
Count II: 42 U.S.C. § 1983- Denial of Petition for Redress of Grievances and Denial of Free Exercise of Religion – 1st Amendment
Count III: Gross Negligence
Count IV: Negligence– Breach of Fiduciary Duty
Count V: Invasion of Privacy

(Complaint).

Plaintiff's complaint is premised on his allegations that Oakland County Sheriff's deputies learned from Henry Ford Hospital employees that Plaintiff was in the hospital, and had been admitted to the psychiatric ward. Plaintiff alleges that the hospital employees improperly disclosed health information to the Sheriff's Department, including falsely telling Deputy Davis that Plaintiff was suicidal and/or homicidal. Plaintiff also alleges that he was improperly removed from work release, and incorrectly put into the K-Pod unit, without medical evaluation. Further, Plaintiff alleges that he did not have access to religious counseling during his stay in K-Pod.

Presently before the court are Oakland County and Henry Ford Hospital's motions for summary judgment. Plaintiff responded to both motions, with the aid of counsel, and Plaintiff was represented by counsel at oral argument.

## II. Standards of Review

Defendants have brought motions for summary judgment and motions to dismiss. The United States Court of Appeals for the Sixth Circuit has summarized the standard for summary judgment as follows:

---

[1] Plaintiff has since retained counsel.

4

> Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. "The judge is not to weigh the evidence and determine the truth of the matter, but rather determine whether there is a genuine issue for trial."

*Totes Isotoner Corp. v. Int'l Chemical Workers Union Council/UFCW Local 664C*, 532 F.3d 405, 411-12 (6th Cir. 2008) (internal citations omitted).

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).

**III. Analysis**

**A. Plaintiff's Claims Against the Oakland County Sheriff's Office**

Oakland County first argues that Plaintiff's claims against the Oakland County Sheriff's Office must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), because the Oakland County Sheriff's Office is not a legal entity subject to lawsuits. (Oakland Mot. 6). Plaintiff responds that the Oakland County Sheriff's Office is a legal entity subject to suit under Michigan law. (Pl.'s Resp. 5).

Courts in this district, and in the Western District, have consistently held that Sheriff's Offices are not entities subject to suit. *See Mitchell v. Washtenaw County Sheriff's Dept.,* No. 06-13160, 2009 WL 909584, *3 (E.D. Mich. Feb 18, 2009); *Horn v. Bay County Sheriff's Dept.*, No. 07-10116, 2008 WL 3285808, *7 (E.D. Mich. Aug 07, 2008); *Vine v. County of Ingham*, 884 F.

Supp. 1153, 157-158 (W.D. Mich. 1995). As Judge Douglas W. Hillman explained in *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich.1988):

> Michigan is a jurisdiction in which the sheriff and prosecutor are constitutional officers, and there does not exist a sheriff's department or prosecutor's office. Instead the sheriff and the prosecutor are individuals, elected in accordance with constitutional mandates. Mich. Const. art. 7, § 4. Since the sheriff's department and the prosecutor's office do not exist, they obviously cannot be sued.

In addition, the Michigan Court of Appeals has held that the Macomb County Sheriff Department is an agency of the county, not a separate legal entity. *Bayer v. Macomb County Sheriff*, 29 Mich. App. 171, 175 (1970).

The cases cited by Plaintiff in support of his argument that the Oakland County Sheriff's Office is subject to suit are inappositive. In *Frame v. Royal Oak Twp. Fire Dept.*, No. 239921, 2003 WL 21921178 *4 (Mich. App. Aug. 12, 2003), the Michigan Court of Appeals was not presented with and, therefore, did not decide the issue of whether the Oakland County Sheriff's Office is subject to suit. Rather, the court dismissed the claims against the Oakland County Sheriff's Office based on governmental immunity. *Id.* Also, *Oakland County v. Oakland County Deputy Sheriff's Ass'n*, 282 Mich. App. 266, (2009), vacated in part, appeal denied in part, 483 Mich. 113 (2009), the second case Plaintiff relies on, is inapplicable to the facts at bar. The Oakland County Sheriff's Office was not a party in that lawsuit and, more importantly, the issue of whether the office was subject to suit was not addressed.

Accordingly, Plaintiff's claims against the Oakland County Sheriff's Office should be dismissed, as the Oakland County Sheriff's Office is not an entity subject to suit.

**B. Plaintiff's 42 U.S.C. § 1983 Claims Against Oakland County**

Oakland County next argues that Plaintiff's §1983 claims, based on the Eighth and First

Amendments, should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff failed to state a claim upon which relief can be granted. (Oakland Mot. 6-7).[2] More specifically, Oakland County argues that Plaintiff did not identify an Oakland County custom or policy that led to the injuries alleged in his complaint. (Oakland Mot. 7). Oakland County further argues that Plaintiff has not alleged or shown that he suffered an injury as a result of the policy, and did not allege or demonstrate deliberate indifference in the County's training practices. (Oakland Mot. 8).

Plaintiff responds that he identified two unconstitutional policies employed by Oakland County: 1) "refusing access to writing materials without offering alternative methods for medical concerns"; and 2) "not allowing him to continue with his medical treatment." (Pl.'s Resp. 7). Plaintiff alleges that both of these policies violate the Eighth Amendment right to medical care during incarceration. (Pl.'s Resp. 7). Plaintiff also argues that his right to substantive due process was violated when he was removed from the work release program without a court order and was denied the opportunity to find a new job in accordance with Oakland County's work release program rules. (Pl.'s Resp. 10-11). Lastly, Plaintiff argues that he stated a First Amendment claim because he showed that security concerns did not necessitate his placement in solitary confinement. (Pl.'s Resp. 13).

In order to prevail on a § 1983 claim against a unit of local government, such as a county, Plaintiff must identify the unconstitutional policy or custom that caused his injury in order to prevail

---

[2]The court notes that it is unclear from Plaintiff's complaint whether he alleges a § 1983 claim for cruel and unusual punishment and a deprivation of substantive due process against Oakland County; Oakland County is not named in the list of Defendants in Count I. Nonetheless, Oakland County assumes that such a claim has been asserted against it. Thus, the court too will address whether Plaintiff has stated a § 1983 claim against Oakland County for failing to provide medical care and depriving Plaintiff of his substantive due process rights.

on a § 1983 claim against it. *Cady v. Arenac County,* 574 F.3d 334, 345 (6th Cir. 2009). A single act by a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action ordered" may suffice in demonstrating that policy or custom. *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986).

With respect to Plaintiff's complaint that he was refused access to writing materials, Plaintiff alleges that Oakland County has a policy of denying K-Pod unit prisoners writing utensils, which precluded Plaintiff from requesting medical treatment, thereby violating his Eighth Amendment right to medical care during incarceration.

Plaintiff has not established that denying K-Pod unit prisoners writing utensils is actually an Oakland County policy. Plaintiff must show that the decision to deny him a writing utensil was made by a "decisionmaker possess[ing] final authority to establish municipal policy." *Pembaur*, 475 U.S. at 481. Plaintiff has not done so here. At best, Plaintiff has alleged that an unidentified employee of Oakland County denied him a writing utensil while he was housed in the K-Pod unit. Plaintiff has not pled any facts, or offered any supporting evidence, that this action was pursuant to a larger policy enacted by a decisionmaker with authority to establish municipal policy. Moreover, Oakland County has offered evidence showing that it has a policy of allowing K-Pod prisoners access to writing materials, which rebuts Plaintiff's claim of a policy denying prisoners writing materials. (Oakland Mot. Ex. D., Oakland County Sheriff's Office K-Pod Housing Unit Policies § 4.1).

Also, Plaintiff has not identified an Oakland County policy of precluding K-Pod prisoners from continuing to receive medical treatment. Plaintiff complains that he was not allowed to leave the K-Pod unit for a previously scheduled doctor's appointment, at which the doctor would

determine Plaintiff's fitness to return to work. (Pl.'s Dep. 164). This doctor's appointment, therefore, was not an appointment for medical treatment, but for return to work from which Plaintiff had been suspended. Plaintiff has not alleged or shown that the appointment was medically necessary. Moreover, Plaintiff has no right to choose how Oakland County dispenses medical treatment to prisoners in the Oakland County Jail.

To establish an Eighth and Fourteenth Amendment violation based on the right to be free from "cruel and unusual punishments," an individual must demonstrate that the defendants acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference is more than negligence, Plaintiff must show that that the threat to his health was "sufficiently serious,", and that the "official [knew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994)**.**

Even if Plaintiff had identified policies in his complaint that allegedly violated his constitutional rights, Plaintiff cannot show that Oakland County's enforcement of the policies amounted to deliberate indifference to his serious medical needs. *See Estelle*, 429 U.S. at 104-05. Plaintiff saw a nurse at least two times a day when he was housed in the K-Pod unit. (Pl.'s Dep. 159-60). In addition, Oakland County twice responded to Plaintiff's complaints of chest pains: Plaintiff visited the jail clinic the first time and was transported to the hospital when he complained the second time. (Pl.'s Dep. 158-59). Indeed, Plaintiff acknowledges that he was not denied medical treatment for his heart problems. (Pl.'s Dep. 166). Plaintiff did complain in his deposition that his depression was not treated in jail; however, Plaintiff later admits that he received his depression medication while he was in jail. (Pl.'s Dep. 166-67). Plaintiff has not offered any other allegation or evidence that he was deprived of medical treatment. Plaintiff, therefore, failed to state

a § 1983 claim, based on the Eighth Amendment, against Oakland County upon which relief may be granted.

Insofar as Plaintiff asserts that Oakland County violated his Fourteenth Amendment substantive due process rights and his First Amendment right to practice his religion, Oakland County argues that Plaintiff failed to allege a policy that led to his injuries, has not alleged or shown that he suffered an injury as a result of the policy, and did not allege or demonstrate deliberate indifference in the County's training practices. (Oakland Mot. 8). In Count I of Plaintiff's complaint, Plaintiff alleges right to substantive due process was violated and he was deprived of a state created liberty interest when he was removed from the work release program and segregated from the general prison population.

The Due Process Clause of the Fourteenth Amendment provides that a person may not be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. "The doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed has come to be known as substantive due process." *Bowers v. City of Flint*, 325 F.3d 758, 763 (6th Cir. 2003) (citation omitted). "These limitations are meant to provide heightened protection against government interference with certain fundamental rights and liberty interests." *Does v. Munoz*, 507 F.3d 961, 964 (6th Cir. 2007) (internal quotation marks and citations omitted).

Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotations and citation omitted). The court should "reach the question of what process is

due only if the inmates establish a constitutionally protected liberty interest." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A liberty interest may arise from the Due Process Clause or a state regulation. *Sandin*, 515 U.S. at 487.

"[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. Thus, in order to state a substantive due process claim, Plaintiff must identify state regulations that create a liberty interest in remaining in the work release program and being housed with the general prison population. Plaintiff has not identified regulations purporting to create such liberty interests. Whether Plaintiff remains in the work release program or is housed in the K-Pod unit is within Oakland County's discretion. There is no state-created liberty interest in remaining in the work release program or in being housed in the general prison population; therefore, Oakland County is entitled to dismissal of Plaintiff's substantive due process claim.[3]

In Count II of Plaintiff's complaint, Plaintiff alleges that he was denied the opportunity to attend church services during his incarceration. (Compl. ¶ 65). Plaintiff did not allege or identify an Oakland County policy that caused his injury. In addition, Oakland County provided evidence that the K-Pod unit has a policy of allowing prisoners to individually meet with clergy members. (K-Pod Unit Policies ¶ 4.10). Plaintiff admits that he never requested a clergy visit. (Pl.'s Dep. 162). Furthermore, Plaintiff has not alleged any other basis, e.g. a failure to train, upon which Oakland County could be liable. Thus, Plaintiff's § 1983 claim premised on an alleged First

---

[3]Plaintiff's argument that Oakland County improperly removed him from work release because no court order was issued is a procedural due process argument, not a substantive due process argument. Plaintiff did not plead a procedural due process claim in his complaint. Thus, Plaintiff's reliance on a procedural due process argument to avoid dismissal is misplaced.

Amendment violation is without merit.

Accordingly, the court should grant Oakland County's motion to dismiss Counts I and II with respect to Oakland County.

### C. Plaintiff's § 1983 Cruel and Unusual Punishment Claim Against Nurse [FNU] Tom

Oakland County next argues that the court should dismiss Plaintiff's claim against "Nurse [FNU] Tom" because Plaintiff has failed to properly identify him, and Oakland County denies that it employs someone with the last name of Tom. (Oakland Mot. 8). Plaintiff concedes that he failed to identify the Defendant listed as "Nurse [FNU] Tom," and acknowledges that Oakland County is entitled to dismissal of Plaintiff's claim against this Defendant.

Therefore, the court should grant Oakland County's motion to dismiss with respect to Nurse [FNU] Tom.

### D. Plaintiff's Constitutional Claims Against Individual Oakland County Defendants

Oakland County argues that Plaintiff's constitutional claims against Deputy M. Davis, Deputy [FNU] Tucker, Sergeant Sean Jennings, Sergeant Larry Clark, Deputy Eric Hoisington, Nurse Michelle Gullet and Nurse [FNU] Tom should be dismissed because Plaintiff "generically and vaguely" refers to the individual Defendants throughout the complaint and Plaintiff does not specify how each Defendant violated his constitutional rights. (Oakland Mot. 9). Plaintiff responds that he has stated a claim against these Defendants by alleging facts with particularity. (Pl.'s Mot. 8).

The United States Court of Appeals for the Sixth Circuit has held that in order to state a § 1983 claim against an individual defendant, the claimant must plead facts with particularity. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Such a claim "cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that

12

show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right." *Id.*

Plaintiff's complaint does not contain particularized facts. Even reading the Complaint in its entirety, it is impossible to determine what Plaintiff alleges each individual Defendant did to violate his constitutional rights. Plaintiff does not identify which individual Defendants denied him substantive due process, inflicted cruel and unusual punishment by withholding medical treatment, or prevented him from exercising his religion, or how each individual Defendant allegedly violated these rights. Plaintiff's § 1983 claims against the individual Defendants are vague and general. Moreover, Plaintiff did not conduct discovery to determine which individual Defendants could have violated his constitutional rights, nor did Plaintiff move to amend his complaint to include particularized facts after retaining counsel. For these reasons, the individual Oakland County Defendants are entitled to dismissal.

### E. Plaintiff's State Law Claims

In Counts III, IV and V, Plaintiff claims that Oakland County and the individual Oakland County Defendants committed gross negligence, and Henry Ford Hospital and the individual Henry Ford Hospital Defendants committed negligence and invasion of privacy. These claims are all state law claims. Because this court concluded that Plaintiff's federal claims should be dismissed, the court recommends that the district court decline to exercise supplemental jurisdiction and also dismiss Plaintiff's state law claims. *See Brooks v. Rothe* 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992)) ("Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before

trial, the state claims generally should be dismissed as well.").

**IV. Conclusion**

For the reasons stated above, the court recommends that Oakland County's and Henry Ford Hospital's motions for summary judgment be **GRANTED**, and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991).. The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                  S/Virginia M. Morgan
                                                  Virginia M. Morgan
                                                  United States Magistrate Judge

Dated: October 15, 2009

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on October 15, 2009.

                                                      s/Jane  Johnson
                                                    Case Manager to
                                                   Magistrate Judge Virginia M. Morgan