UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PAPPAS,

    Plaintiff,

vs.

Case No. 08-CV-14459
HON. GEORGE CARAM STEEH

OAKLAND COUNTY, et al.,

    Defendants.

_____/

ORDER ACCEPTING OCTOBER 15, 2009 REPORT AND RECOMMENDATION (# 34) GRANTING IN PART THE OAKLAND COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (# 24), GRANTING IN PART THE HENRY FORD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (# 25), DISMISSING PLAINTIFF'S FEDERAL CLAIMS WITH PREJUDICE, AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT PREJUDICE ON DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. § 1367(c)(3)

Plaintiff Michael Pappas filed a pro se complaint on October 20, 2008 against Oakland County, the Oakland County Sheriff's Department, Sheriff Deputies Davis, Tucker, and Hoisington, Sheriff Sergeants Jennings and Clark, and Nurses Gullett and Tom ("Oakland County defendants"), and Henry Ford Hospital and Nurse Concord ("Henry Ford defendants") alleging federal claims under 42 U.S.C. § 1983 of denial of substantive due process in violation of the Fourteenth Amendment, cruel and unusual punishment in violation of the Eighth Amendment, and denial of his rights to petition the government for the redress of grievances and to the free exercise of religion in violation of the First Amendment. Pappas also alleges state law claims of gross negligence, negligence, and

invasion of privacy.

The Oakland County defendants moved for summary judgment on July 17, 2009. The Henry Ford defendants moved for summary judgment on July 20, 2009. The motions were referred to Magistrate Judge Virginia Morgan. Counsel filed an appearance on behalf of plaintiff Pappas on August 6, 2009, and thereafter filed responses to the motions. Magistrate Judge Morgan issued an October 15, 2009 Report and Recommendation[1] recommending that the motions for summary judgment be granted on the merits as to Pappas' federal claims, and that the court decline to exercise supplemental jurisdiction over Pappas' state law claims.

"A judge of the court shall make a de novo determination of those portions of [a] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1). Objections must be filed within 10 days after service of a Report and Recommendation. 28 U.S.C. § 636 (b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party's failure to object waives further judicial review. Thomas v. Arn, 474 U.S. 140, 149-155 (1985); Thomas v. Halter, 131 F.Supp.2d 942, 944 (E.D. Mich. 2001); 28 U.S.C. § 636(b)(1). Pappas has not filed timely objections, and has thus waived further

---

[1] As succinctly stated by Magistrate Judge Morgan: "Plaintiff's complaint is premised on his allegations that Oakland County Sheriff's deputies learned from Henry Ford Hospital employees that Plaintiff was in the hospital, and had been admitted to the psychiatric ward. Plaintiff alleges that the hospital employees improperly disclosed health information to the Sheriff's Department, including falsely telling Deputy Davis that Plaintiff was suicidal and/or homicidal. Plaintiff also alleges that he was improperly removed from work release, and incorrectly put into the K-Pod unit [housing inmates who are suicidal, mentally ill, or have a substance abuse problem], without medical evaluation. Further, Plaintiff alleges that he did not have access to religious counseling during his stay in K-Pod." October 15, 2009 Report and Recommendation, at 4.

judicial review. Id. Accordingly, and upon a thorough review of the Report and Recommendation,

The court hereby ACCEPTS the October 15, 2009 Report and Recommendation as its own. The Oakland County defendants' and Henry Ford defendants' motions for summary judgment are hereby GRANTED, IN PART, to the extent that plaintiff's federal claims are hereby DISMISSED with prejudice in their entirety. Plaintiff's state law claims of gross negligence, negligence, and invasion of privacy are hereby DISMISSED, without prejudice, with the court declining to exercise supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated: November 5, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 5, 2009, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

3